UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITES STATES OF AMERICA, | CRIMINAL NO. 5:24-17-KKC-MAS |
| Plaintiff, | |
| v. | OPINION & ORDER |
| DESHAWN HOWARD, | |
| Defendant. | |

*** *** ***

The matter is before the Court on Defendant Deshawn Howard's motion to suppress house keys that were seized from Howard's truck on August 30, 2023. The Court conducted an evidentiary hearing on the matter on May 24, 2024. For the foregoing reasons, the Defendant's motion to suppress (DE 17) is GRANTED.

## I.    Background

From December 2022 to August 2023, law enforcement investigated drug activity at 3517 Honey Jay Court in Lexington, Kentucky. The investigation consisted of electronic and physical surveillance of the Honey Jay residence. During the investigation, Howard was seen approximately twenty times at the residence. His visits there varied in duration from a few minutes to a few hours. Howard would typically arrive in his black Dodge Ram truck. On many occasions he was observed carrying a duffle bag into the residence and leaving either with a different duffle bag or with nothing at all.

On August 30, 2023, police obtained a search warrant for the Honey Jay residence. As they were preparing to execute the warrant, a few officers were outside the house wearing

reflective vests when a person matching Howard's description was observed arriving in a Black Dodge Ram. Howard entered the Honey Jay residence, and after a brief stay, he exited. When he exited the residence, he approached the Dodge truck, then turned around and left the area on foot without entering the truck. He never returned to the vehicle. When Howard left, the police executed the search warrant of the residence and found 80 grams of fentanyl, 13 pounds of marijuana, and two firearms.

While the house was being searched, a certified drug detection dog conducted an open-air sniff of the parked Dodge truck and made a positive alert. Upon positive alert, the police searched the truck but did not find any illegal contraband. They did, however, locate a set of keys in the passenger seat. Officers testified that the key ring had what appeared to be multiple residential keys, and one key looked shiny as if it had recently been cut. The officers took the set of keys and processed them as evidence. They obtained a state search warrant thereafter to determine whether any of the keys on the ring fit the door at the Honey Jay residence. They then took the keys to the Honey Jay residence and discovered that one of the keys unlocked the deadbolt and doorknob of an entry into the house.

## II.    Analysis

Howard contends that his keys were illegally seized without probable cause and that evidence uncovered due to this illegal seizure should be suppressed as fruit of the poisonous tree. He does not contest that the search of the vehicle was legal.

Unless an exception applies, a warrant is generally required to permit law enforcement officers to search a place or seize an item. *United States v. McLevain*, 310 F.3d 434, 438 (6th Cir.2002). Here, it is undisputed that the positive canine alert gave the officers probable cause to search the vehicle. As for seizing the keys, the Court must analyze whether the officers lawfully did so under the plain view exception.

The law recognizes the plain view doctrine as an exception to the warrant requirement. *See Horton v. California*, 496 U.S. 128, 134 (1990), "It is well established that under certain circumstances the police may seize evidence in plain view without a warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971). For the plain view doctrine to apply, four factors must be satisfied: (1) the object must be in plain view; (2) the officer must be legally present in the place from which the object can be plainly seen; (3) the object's incriminating nature must be immediately apparent; and (4) the officer must have a right of access to the object. *Horton*, 496 U.S. at 136–37; *McLevain*, 310 F.3d at 438–39. In this case, the keys were sitting in the front passenger seat, and the officer was allowed to be in the vehicle due to the positive alert. Thus, the first, second, and fourth factors are met. Accordingly, this case hinges on the third factor.

In assessing whether an object's incriminatory nature is immediately apparent, the Court must "look to three factors, none of which is necessary but each of which is instructive." *United States v. Pacheco*, 841 F.3d 384, 395 (6th Cir. 2016). The factors are: "(1) a nexus between the seized object and the [suspected criminal activity]; (2) whether the intrinsic nature or appearance of the seized object gives probable cause to believe that it is associated with criminal activity; and (3) whether the executing officers can at the time of discovery of the object on the facts then available to them determine probable cause of the object's incriminating nature." *Id.* An object's incriminating nature is not immediately apparent if it "appears suspicious to an officer but further investigation is required to establish probable cause as to its association with criminal activity[.]" *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 555 (6th Cir. 2003). Moreover, the officer must recognize the incriminating nature of an object because of his "immediate" or "instantaneous sensory perception." *See United States v. McLernon*, 746 F.2d 1098, 1125 (6th Cir. 1984) (requiring that the officer's "'immediate'

sensory perception . . . must produce probable cause of crime"); *United States v. Beal*, 810 F.2d 574, 577 (6th Cir. 1987) (stating that "to be immediate, probable cause must be the direct result of the officer's instantaneous sensory perception of the object") (internal quotation omitted).

In this case the criminal nature of the keys was not immediately apparent. Neither the intrinsic nature of the keys nor their appearance gave the officers probable cause to believe that they were associated with criminal activity. This case is analogous to *United States v. Garcia*. There, the court suppressed a map that had a notorious drug area of the city circled in red. 496 F.3d 495, 511 (6th Cir. 2007). Since the officers had to inspect the map and read various street names to discern its incriminating nature, it required "far more than an instant" to connect the map to criminal activity. *Id*. The *Garcia* court also suppressed documents officers seized because the officers had to undertake further investigation and review the documents to establish an association with criminal activity, thereby negating probable cause based on an "instantaneous sensory perception" of the documents. *Id*.

Here, there was nothing about the keys that immediately indicated they were associated with criminal activity. At most the officers had reasonable suspicion that the keys would unlock the Honey Jay residence, but reasonable suspicion is insufficient to invoke the plain view doctrine. *Arizona v. Hicks*, 480 U.S. 321, 324-35 (1987) (suppressing stolen equipment because officers at most had reasonable suspicion that the equipment was stolen and therefore any moving of the equipment without a warrant was unconstitutional). It was not until the officers took the keys to the Honey Jay doorway and discovered that they unlocked the residence that their criminal association became apparent. Accordingly, since further investigation was necessary to establish this criminal connection, seizing the keys without a warrant violated the Fourth Amendment.

III.    **Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  Howard's Motion to Suppress (DE 17) is GRANTED for the reasons stated in the magistrate judge's report and recommendation (DE 26) and this opinion.  Further the magistrate judge's report and recommendation (DE 26) is adopted; and

2.  The government is prohibited from using the keys found in Howard's car as evidence in this action; and

3.  The motions for an evidentiary hearing (DE 22, 25) are DENIED AS MOOT as the Court has already conducted a hearing on the matter.

This 12th day of June, 2024.


KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY